## Thomas E. Wibel, Appellee, v. Illinois Central Railroad Company, Appellant.

1. APPEALS AND ERRORS—*when objection to evidence not sufficient.* Objections to evidence to be available must be specific.

2. INSTRUCTIONS—*when error to ignore or insufficiently to refer to defense of assumed risk.* An instruction which undertakes to sum up the whole case and state all the requisites to a recovery is erroneous which ignores the defense of assumed risk which exists in the case or which refers to such defense in a meaningless way.

3. INSTRUCTIONS—*when erroneous modification cannot be complained of.* If an instruction as asked was improper, an erroneous modification cannot be complained of by the party asking the instruction.

4. MASTER AND SERVANT—*when instruction stating duty of railroad company to employes erroneous.* Held, that it was error to give an instruction upon this subject which substantially rendered the railroad company an insurer, and likewise that it was error to modify certain instructions which correctly stated the duty of such company, by inserting the following clauses: "and was reasonably safe for employes;" and "unless it was necessary for the safety of its employes."

5. MASTER AND SERVANT—*when instruction upon assumed risk defective.* An instruction upon this subject is defective if it ignores the element of negligence upon the part of the master and does not state any of the requisites necessary to bring the case under the rule which requires that in order that a servant may be held to have assumed the risk resulting from his master's negligence it must appear that the risk was obvious or known to the servant.

6. TRIAL—*what improper in argument.* It is improper for an attorney in argument to tell the jury that the instructions are prepared by the attorneys.

Action in case for personal injuries. Appeal from the City Court of East St. Louis; the Hon. W. J. N. MOYERS, Judge, presiding. Heard in this court at the August term, 1908. Reversed and remanded. Opinion filed March 4, 1909.

KRAMER, KRAMER & CAMPBELL, for appellant; JOHN G. DRENNAN, of counsel.

WEBB & WEBB, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in case, in the City Court of East St. Louis, by appellee against appellant, to recover for a personal injury sustained by appellee while in the service of appellant as a brakeman on one of its trains. Trial by jury. Verdict and judgment in favor of appellee for $10,000.

The amended declaration, upon which this case appears to have been tried, is based upon the charge that appellant negligently permitted a certain crossing and track to be in an unsafe condition, in this, that a plank in said crossing was too far from one of the rails of said track, also in that the ties adjoining the crossing were uncovered and projected above the surface of the ground and further in that the spaces between the ties were not filled, whereby appellee, while in the discharge of his duty as a brakeman, and in the exercise of due care and caution for his own safety, caught his foot between the plank and one of the rails of the track, was thrown forward and thereby caused to step into an open space between the ties and fall across the rail. While in that position a wheel of one of the cars passed over his leg and so crushed it as to render amputation necessary.

Counsel's first contention is that the trial court erred in refusing to direct a verdict in favor of appellant. We think the state of the evidence warranted the court in submitting the case to the jury, and in as much as we have concluded, upon an examination of the whole record, that the judgment of the trial court should be reversed for errors of law and be remanded to the trial court where it may be again tried, we refrain from any discussion as to the weight of the evidence.

Counsel for appellant point out five instances wherein they claim that the trial court erred in its rulings with respect to the admission and rejection of evidence. Three of these refer to the sustaining of

objections to questions asked appellee on cross-examination. Appellee had testified in chief in his own behalf to the effect that he had no knowledge of the condition of the crossing and track at the place of the injury, and in substance, that he had had no means of knowing or reasonable grounds to suspect the condition. On· cross-examination he was asked: "Q. Now, Mr.. Wibel, I will ask you this question: If it is not a fact that where you did switching in the Gale district, that being the district in which Reynoldsville is located, when you did switching there in the sixteen months prior to the time of this injury, isn't it a fact that on the main track in small towns of the size of Reynoldsville, or larger, that the space between the ties was not ballasted, was not filled up so the ties and the ends of the ties were covered?" The court sustained an objection to this question and to two others of like character. This was material error. It was, however, to a great extent cured at a later stage of the trial, on the next day, when appellee was again placed on the witness stand, the objections withdrawn and an opportunity afforded counsel for appellant to again put to him these questions and others along the same line, which was quite fully availed of. As to one of the remaining instances, the objection was a general objection and cannot therefore be availed of on appeal, and the specific objection to the other, we think, was not well taken.

One of the principal defenses relied upon by appellant was that appellee's injury was the result of assumed risks, and there is evidence in the record tending to prove every requisite of that defense.

The third instruction given on behalf of appellee is as follows:

"If the jury believe, from the evidence and instructions of the court, that the plaintiff has proven the allegations contained in his amended declaration, by a preponderance of the evidence, and if the jury further believe, from the evidence and instructions of the

court, that the plaintiff was injured as charged in his amended declaration, and if the jury further believe from the evidence and instructions of the court, that the plaintiff at and immediately before the time of his injury was in the exercise of reasonable care for his own safety, and if the jury further believe, from the evidence and instructions of the court, that the plaintiff's injury, if any, was caused by and through the negligence of the defendant, if any, and as alleged in the plaintiff's amended declaration, and that the plaintiff did not assume the risks of injury at the time he went between said cars, then the plaintiff is entitled to recover such damages, as you believe, from the evidence, will compensate him for the injury he received.''

This instruction undertakes to sum up the whole case, to state all the requisites of appellee's right to recover, and calls for a verdict upon the case as therein stated. Such an instruction must be full and complete in itself and should neither ignore, obscure nor minify any defense which the evidence tends to prove. The only reference to the defense of assumed risk, to be found in this instruction, is as follows: ''And that the plaintiff did not assume the risks of injury at the time he went between said cars.'' This is entirely too limited. To the jury it was either wholly misleading, or it was meaningless. The question was not when did he assume the risks, nor was it wholly a question as to whether he assumed them at all by any specific act or at any specific time. The question was whether his injury resulted from any one or more of the assumed risks resting upon him. Certain of these he assumed at the time he entered the service of appellant, certain others he may have assumed at any time thereafter by remaining in the service with knowledge, and certain others may have been imposed upon him at the immediate time of his injury or at some previous time by his failure to observe conditions or to know facts which under the circumstances proved he ought to have observed or known. And further, this instruction gives the jury no information as to

what risks, or class or character of risks, are meant by the term "assumed risks," nor does it refer them to any other instruction or series of instructions where such information may be found. We are of opinion that this instruction is so materially defective and misleading as to practically exclude appellant's principal defense from any proper consideration by the jury.

We are of opinion that the court erred in modifying the 15th and 16th instructions given on behalf of appellant. The instructions as asked stated the duty of appellant with respect to the safety of employes, engaged in the particular service in which appellee was engaged at the time and place of his injury, with substantial accuracy and should have been given as asked. The court added to one of the instructions the words, "and was reasonably safe for employes"; and added to the other, "unless it was necessary for the safety of its employes." The first one of the modifying clauses above quoted left the jury in position to conclude that if for any use the track was not reasonably safe for all employes they should find for appellee. And the second one makes appellant a guarantor of the absolute safety of its tracks to all of its servants for all purposes, whereas the law only requires that it should exercise reasonable care and diligence to make its track reasonably safe for any particular servant for the particular purpose for which he is required to use it at the time and place in question in any particular case.

The 17th instruction, as asked, bears upon one phase of the law as to assumed risk. It undertakes to set up all that is requisite to a complete defense and calls for a verdict in favor of appellant. The instruction as asked wholly ignores the element of negligence on the part of appellant, and does not state any of the requisites necessary to bring the case under the rule holding a servant to have assumed risks resulting from the master's negligence, such as that the risk or hazard was obvious and apparent, or that it

was known to the servant. As we understand the law the servant, "by his contract of employment" alone, does not assume risks due to the master's negligence, but by remaining in the service after he has entered it, he does assume all risks or hazards incident thereto which are open and apparent, or which are known to him or by the exercise of reasonable diligence and care on his part would have been known to him, even though such conditions are produced by the master's negligence, if he continues in the employment without any promise by the master to remedy the defects. An instruction which wholly ignores the question of the master's negligence and calls for a verdict, must include these conditions or such of them as are involved in the case. We think the case of Kath v. East St. L. & Suburban Ry. Co., 232 Ill. 126, does not go beyond this view of the law. That case turned wholly upon the question of knowledge and opportunity with respect to knowledge on the part of the servant, of the dangerous condition produced by the master's negligence, and his continuance in the service thereafter. We are of opinion, that under the issues and evidence in this case, appellant's seventeenth instruction as asked was incomplete and wholly misleading, and the fact that the court in attempting to remedy its defects failed to make it good, and in effect nullified it, cannot be availed of by appellant. The rule is: that one who asks the court to give an improper instruction cannot be heard to complain of the court's action in modifying it, although the court fails to make it good. Swift & Co. v. Rennard, 119 Ill. App. 180; C. & A. R. R. Co. v. Tracey, 109 Ill. App. 568; Crown Coal & Tow Co. v. Taylor, 81 Ill. App. 66 (75).

Complaint is made of the action of the court in refusing a number of instructions asked on behalf of appellant. A large number of instructions were asked and to a considerable extent they repeated in substance the same subject-matter and "overlapped", and it is claimed by counsel for appellee that the substance

of all that was proper in the refused ones is embraced in those that were given. We think, however, that the court might properly have given the twenty-third, twenty-fourth, twenty-fifth, twenty-six, twenty-eight and twenty-ninth.

We do not see anything particularly prejudicial to appellant in the remarks of counsel complained of when all that was said in that connection is considered together. We do, however, condemn the practice of telling the jury that the "instructions are prepared by the attorneys." This can serve no proper purpose in any case, and might do harm.

For the errors noted in the foregoing opinion the judgment of the City Court of East St. Louis is reversed and the cause remanded.

*Reversed and remanded.*